IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECKA VIRDEN, on their own behalf and
on behalf of their minor children; SAMANTHA
ROWLETT, on their own behalf and on behalf
of their minor children; NINA PRATER, on their
own behalf and on behalf of their minor children         PLAINTIFFS

vs.        No. 2:23-cv-2071-PKH

**CRAWFORD COUNTY, ARKANSAS,** *et al,*        **DEFENDANTS**

## DEFENDANTS' ANSWER TO AMENDED AND SUBSTITUTED COMPLAINT

COMES NOW Defendants, Crawford County, Arkansas, County Judge Chris Keith, Interim Library Director Eva White, Quorum Court Members: Robert Kevin Arnold, Lonnie Myers, Morgan R. Morgan, Jason Peppas, Brad Martin, Mark Shaffer, Lonnie Jennings, Tia Woodruff, Jason Cox, Jeff Beaucamp, Craig Wahlmeier, Mitch Carolan, and Roger Atwell, and Library Board Members: Keith Pigg, Colleen Hoelscher, Tammara Hamby, Amanda Stevens, and Kaelin Schaper (collectively "Defendants"), all in their official capacities, by and through their undersigned counsel, and for their Answer to Plaintiffs' Amended and Substituted Complaint (the "Complaint"), *Doc. 7*, state as follows:

1. Defendants are without sufficient information to admit or deny Paragraph 1 of the Complaint, therefore they deny Paragraph 1 of the Complaint.

2. Defendants admit Paragraph 2 of the Complaint.

3. Defendants admit Paragraph 3 of the Complaint.

4. Defendants admit that Robert Kevin Arnold, Lonnie Myers, Morgan R. Morgan, Jason Peppas, Brad Martin, Mark Shaffer, Lonnie Jennings, Tia Woodruff, Jason Cox, Jeff Beaucamp, Craig Wahlmeier, Mitch Carolan, and Roger Atwell are members of the Crawford

County Quorum Court. Defendants deny all other allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that Crawford County has a Library System. Defendants deny all other allegations in Paragraph 5 of the Complaint. The statute cited by Plaintiffs speaks for itself.

6. Defendants admit that Eva White is the Interim Director of the Crawford County Library System. Defendants deny all other allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that the Crawford County Library System has an administrative board. Defendants deny all other allegations contained in Paragraph 7 of the Complaint. The statute cited by Plaintiffs speaks for itself.

8. Defendants admit that Keith Pigg, Collen Hoelscher, Tammara Hamby, and Kaelin Schaper are members of the Crawford County Library System administrative board. Defendants admit that Amanda Stevens was a member of the Crawford County Library System administrative board prior to the filing of this Complaint, she has since resigned and is no longer a member of the board. Defendants deny all other allegations in contained in Paragraph 8 of the Complaint.

9. Paragraph 9 does not contain an allegation to which Defendants are required to respond. To the extent a response is required, Defendants deny Paragraph 9 of the Complaint.

10. Defendants admit that Plaintiffs have brought this case pursuant to 42 U.S.C § 1983. Defendants deny that this Court has subject matter jurisdiction.

11. Defendants admit that venue is proper in this Court and District.

12. Defendants admit the Court has personal jurisdiction over all Defendants.

13. Defendants admit Paragraph 13 of the Complaint.

14. Defendants admit Paragraph 14 of the Complaint.

15. Paragraph 15 states a legal conclusion to which a response is not required. To the extent a response is required, Defendants admit that the Crawford County Library System is a public library and Defendants deny all remaining allegations.

16. Paragraph 16 does not contain an allegation to which Defendants are required to respond. To the extent a response is required, the statute Plaintiffs cited speaks for itself, and Defendants deny all remaining allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint and the accompanying photograph in Paragraph 17 speaks for itself.

18. Defendants admit that the "Social Section" contains books for all ages and are accessible by all library patrons. Defendants deny all remaining allegations in Paragraph 18 and the case cited by Plaintiffs speaks for itself.

19. Defendants admit that Defendant Tammi Hamby wrote a letter to local Crawford County pastors. Defendants deny all remaining allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 does not contain an allegation to which Defendants are required to respond. To the extent a response is required, Defendants deny Paragraph 20 of the Complaint.

21. Defendants deny Paragraph 21 of the Complaint.

22. Defendants deny Paragraph 22 of the Complaint, including the alleged transcript written by Plaintiffs.

23. Defendants deny Paragraph 23 of the Complaint.

24. Paragraph 24 does not contain an allegation to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants admit that the "Social Section" at the Van Buren Branch contains the book *Uncle Bobby's Wedding*, *Cinderelliot A Scrumptious Fairytale*, and *The Big Book of Pride Flags*. Defendants deny all remaining allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 and its subparts (a) through (b) do not contain allegations to which Defendants is required to respond. To the extent Defendants are required to respond, Defendants deny the allegations in Paragraph 26 and each of its subparts (a) through (b) of the Complaint, as if each individually denied herein. Defendants deny the allegations contained in Paragraph 26 subpart (c) of the Complaint.

27. Defendants deny Paragraph 27 of the Complaint.

28. Paragraph 28 states a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint and the statute cited by Plaintiffs speaks for itself.

29. Paragraph 28 and its subparts (a) and (b) state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny Paragraph 29 and each of its subparts (a) and (b) of the Complaint, as if each individually denied herein.

30. Defendants deny the "WHEREFORE" paragraph in the Complaint in its entirety.

31. Defendants deny all allegations contained in the Complaint not specifically admitted herein.

32. Defendants reserve the right to amend the foregoing responses and plead further as litigation continues.

33. Defendants reserve the right to plead further, including asserting additional affirmative defenses, counterclaims, third-party claims, or filing motions to dismiss the Complaint for any reason provided by law, equity, constitutional jurisprudence, and FED. R. CIV. P. 8(c), 12(b)–(c).

## AFFIRMATIVE DEFENSES

34. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

35. Defendants affirmatively plead that Plaintiffs have failed to state a cause of action that entitles them to compensatory damages, punitive damages, nominal damages, injunctive relief, and equitable relief.

36. To the extent that any damages are awarded in this case, Defendants affirmatively plead that any damage award should be reduced due to Plaintiffs' failure to mitigate.

37. Some or all Plaintiffs lack standing to sue Defendants on the claims alleged in the Complaint.

38. Defendants affirmatively plead that Plaintiffs' claims are barred, wholly or in part, based on Lack of Subject Matter Jurisdiction, Qualified Immunity, Absolute Immunity, Statutory Immunity, Sovereign Immunity, Lack of Government Action, Limited Forum, Non-Public Forum, Mootness, Justification, Statute of Limitations, Offset and Setoff, and the Common Defense Doctrine.

39. Equitable tolling does not apply to this case.

40. Defendants reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, Defendants pray that Plaintiffs take nothing from Defendants by way of Plaintiffs' Complaint, Plaintiffs' Complaint, *Doc. 7*, be dismissed with prejudice; that Defendants recover their fees, costs and disbursements incurred in defending this action; and for such other and further relief as the Court may deem just and proper.

Dated: June 20, 2023	Respectfully Submitted,

James D. Rankin, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
*Attorneys for Defendants*
**PPGMR Law, PLLC**
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: **Jim@ppgmrlaw.com**
**Forrest@ppgmrlaw.com**
**Sam@ppgmrlaw.com**