# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

**REBECKA VIRDEN, et al,**  PLAINTIFFS

v.      Case No. 2:23-cv-02071-PKH

**CRAWFORD COUNTY, ARKANSAS, et al,**  DEFENDANTS

## BRIEF IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CERTAIN FINDINGS

On July 29, 2023, in *Fayetteville Public Library v. Crawford County*, United States District Judge Timothy L. Brooks preliminarily enjoined the enforcement of Sections 1[1] and 5[2] of Act 372 of 2023. No. 5:23-CV-05086, 2023

---

[1] Section 1 makes it a Class A misdemeanor to furnish a harmful item to a minor. *Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *5 (W.D. Ark. July 29, 2023) (citing Act 372 of 2023, § 1(b)(1)). One violates this prohibition "if, knowing the character of the item involved, the person knowingly…[f]urnishes, presents, provides, makes available, gives, lends, shows, advertises, or distributes to a minor an item that is harmful to minors." *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *5 (alterations in original).

[2] Section 5 concerns the "[e]stablishment of guidelines for selection, relocation, and retention of [library] materials." *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *7 (citing Act 372 of 2023, § 5) (alterations in original). It mandates that "[e]ach county or municipal library shall have a written policy for addressing challenged material that is physically present in the library and available to the public." *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *7 (citing Act 372 of 2023, § 5(b)) (alterations in original). It also establishes the minimum criteria libraries must incorporate when drafting their written policies. *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *7 (citing Act 372 of 2023, § 5(b)).

WL 4845636, at *21 (W.D. Ark. July 29, 2023). Judge Brooks enjoined the enforcement of Section 1 because it is unconstitutionally overbroad and unconstitutionally vague. *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *11-18. He enjoined the enforcement of Section 5 because it "… works an unconstitutional content-based restriction on protected speech." *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *18-2.

Judge Brooks made two findings of fact with respect to Crawford County that go to the heart of the dispute in this case. *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *11 (W.D. Ark. July 29, 2023).

The first finding is

> According to the Complaint, *Crawford County's* library board, whose members are appointed by County Judge Keith, interpreted Section 5 to mean they were permitted to "*segregate constitutionally protected materials*" *on the basis of viewpoint alone*. (Doc. 2, ¶ 79).

*Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *11 (W.D. Ark. July 29, 2023) (emphases added).

The second finding is

> There is photographic evidence to prove *Crawford County has already moved* many books from the children's section to a restricted "adults-only"

> section *in keeping with its interpretation of Section 5*. See Plaintiffs' Hearing Exhibit 30.

*Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *11 (emphases added).

Both of these findings prove that Crawford County has engaged in, and continues to engage in, viewpoint discrimination in violation of the First Amendment.

The First Amendment guards against laws targeted at specific subject matter, which is a form of speech suppression known as content based discrimination. This category includes a subtype of laws that go further and are aimed at the suppression of particular views on a subject. A law that discriminates based on a particular viewpoint is an egregious form of content discrimination and is presumptively unconstitutional. *See Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829-830 (1995)

Because *Fayetteville Public Library v. Crawford County* found that Crawford County has engaged in, and continues to engage in, viewpoint discrimination in violation of the First Amendment, this Court should find likewise under the doctrine of offensive nonmutual collateral estoppel.

## Collateral Estoppel or Issue Preclusion

Collateral estoppel, also known as issue preclusion, prevents a party from relitigating in a current case, an issue of fact or law that has been actually, fully, and fairly litigated to a final resolution in a prior case. *Berger Transfer & Storage v. Cent. States, Se. & Sw. Areas Pension Fund*, 85 F.3d 1374, 1376-1377 (8th Cir. 1996). There are four components to the doctrine: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been litigated in the prior action; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *Berger Transfer & Storage*, 85 F.3d at 1376-1377 (citing *Farmland Indus. v. Morrison–Quirk Grain*, 987 F.2d 1335, 1339 (8th Cir. 1993) (quoting *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991))).

The party asserting issue preclusion bears the burden of proving that a prior decision satisfies all four elements of the test, and if the party against whom the earlier decision is being asserted did not have a full and fair opportunity to litigate the issue in question, issue preclusion does not apply. *Berger Transfer & Storage v. Cent. States, Se. & Sw. Areas Pension Fund*, 85 F.3d 1374, 1376-1377 (8th Cir. 1996) (citing *Farmland Indus. v. Morrison–Quirk Grain*, 987 F.2d

1335, 1339 (8th Cir. 1993) (quoting *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991))).

When a party had a full and fair opportunity to litigate an issue in the first proceeding, the benefits of preclusion outweigh the countervailing due process concerns present whenever a party is estopped from raising a claim. *Berger Transfer & Storage*, 85 F.3d at 1377 (citing *Simmons v. O'Brien,* 77 F.3d 1093, 1095-1096 (8th Cir. 1996)). If applying offensive nonmutual collateral estoppel would be unfair to a defendant, a trial court should not apply it. *Berger Transfer & Storage*, 85 F.3d at 1377 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)). If, however, a defendant vigorously defendant the issue in a prior case, it would not be unfair for a trial court to apply offensive nonmutual collateral estoppel in a later case. *Berger Transfer & Storage*, 85 F.3d at 1377 (citing *Parklane Hosiery Co.*, 439 U.S. at 330).

### Offensive Nonmutual Collateral Estoppel

Offensive nonmutual collateral estoppel involves a plaintiff in a current case, who was not a party in an earlier case against the defendant, seeking to use the defendant's loss on an issue in that earlier case to preclude the defendant from relitigating that issue in the current case. *Berger Transfer &*

*Storage v. Cent. States, Se. & Sw. Areas Pension Fund*, 85 F.3d 1374, 1376 n.3 (8th Cir. 1996) (citing *Setter v. A.H. Robins Co.*, 748 F.2d 1328, 1330 (8th Cir. 1984)).

The Plaintiffs will now prove that *Fayetteville Public Library v. Crawford County* satisfies every element of offensive nonmutual collateral estoppel.

**Whether Crawford County is engaging in, and continues to engage in, viewpoint discrimination is the issue and this case, and it was an issue in *Fayetteville Public Library v. Crawford County*.**

The first element of offensive nonmutual collateral estoppel is the issue sought to be precluded must be the same as that involved in the prior action. *Berger Transfer & Storage*, 85 F.3d at 1376-1377 (citing *Farmland Indus. v. Morrison–Quirk Grain*, 987 F.2d 1335, 1339 (8th Cir. 1993) (quoting *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991))).

The issue in this case is whether Crawford County has engaged in, and continues to engage in, viewpoint discrimination in violation of the First Amendment. That was the same issue Crawford County vigorously defended in *Fayetteville Public Library v. Crawford County*, and on that issue, Crawford County lost. *Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *11, 18-21 (W.D. Ark. July 29, 2023).

**Crawford County vigorously defended the issues of viewpoint and content discrimination in *Fayetteville Public Library v. Crawford County*.**

The second element of offensive nonmutual collateral estoppel is the issue must have been litigated in the prior action. *Berger Transfer & Storage v. Cent. States, Se. & Sw. Areas Pension Fund*, 85 F.3d 1374, 1376-1377 (8th Cir. 1996) (citing *Farmland Indus. v. Morrison–Quirk Grain*, 987 F.2d 1335, 1339 (8th Cir. 1993) (quoting *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991))).

Crawford County vigorously defended the issue of viewpoint and content discrimination in *Fayetteville Public Library v. Crawford County*, and on that issue, it lost. No. 5:23-CV-05086, 2023 WL 4845636, at *11, 18-21 (W.D. Ark. July 29, 2023).

**The preliminary injunction in *Fayetteville Public Library v. Crawford County* is a valid and final judgment for the purposes of issue preclusion.**

The third element of offensive nonmutual collateral estoppel is the issue must have been determined by a valid and final judgment. *Berger Transfer &*

*Storage*, 85 F.3d at 1376-1377 (citing *Farmland Indus*, 987 F.2d at 1339 (quoting *In re Miera*, 926 F.2d at 743))).

Judge Brooks preliminarily enjoined the enforcement of Sections 1 and 5 of Act 372 of 2023. *Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *21 (W.D. Ark. July 29, 2023). Findings in support of a preliminary injunction are tentative and *generally* do not have a preclusive effect, but that is not always the case. *Mahoney v. Babbitt*, 113 F.3d 219, 224 (D.C. Cir. 1997) (citing *Gjertsen v. Bd. of Election*, 751 F.2d 199, 202 (7th Cir. 1984) (the preclusive effect of findings on a preliminary injunction varies with the procedural posture of specific cases); *Commodity Futures Trading Comm'n v. Bd. of Trade*, 701 F.2d 653, 657-658 (7th Cir. 1983) (findings in support of a preliminary injunction are tentative and *generally* unlikely to have a preclusive effect, but expressing a belief that in that particular case they might)) (emphases in original).

Judge Brooks's findings that Crawford County has engaged in, and continues to engage in, viewpoint discrimination in violation of the First Amendment should have a preclusive effect in this case because he based those findings on Crawford County's admission that it could engage in viewpoint discrimination and irrefutable photographic evidence that it engaged in that

very discrimination. *Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *11 (W.D. Ark. July 29, 2023) (*Crawford County's* library board, whose members are appointed by County Judge Keith, interpreted Section 5 to mean they were permitted to "segregate constitutionally protected materials" *on the basis of viewpoint alone*. (Doc. 2, ¶ 79). There is photographic evidence to prove *Crawford County has already moved* many books from the children's section to a restricted "adults-only" section in keeping with its interpretation of Section 5. See Plaintiffs' Hearing Exhibit 30.) (emphases added).

Nothing about Crawford County's admission or the photographic evidence of its admission can or will change, consequently, this is a case where a finding in support of a preliminary injunction should have preclusive effect. *Mahoney v. Babbitt*, 113 F.3d 219, 224 (D.C. Cir. 1997) (citing *Gjertsen v. Bd. of Election*, 751 F.2d 199, 202 (7th Cir. 1984); *Commodity Futures Trading Comm'n v. Bd. of Trade*, 701 F.2d 653, 657-658 (7th Cir. 1983)).

**The fact that Crawford County has engaged in, and continues to engage in, viewpoint discrimination was essential to the issuance of the preliminary injunction in *Fayetteville Public Library v. Crawford County.***

The fourth element of offensive nonmutual collateral estoppel is the determination must have been essential to the judgment. *Berger Transfer & Storage v. Cent. States, Se. & Sw. Areas Pension Fund*, 85 F.3d 1374, 1376-1377 (8th Cir. 1996) (citing *Farmland Indus. v. Morrison–Quirk Grain*, 987 F.2d 1335, 1339 (8th Cir. 1993) (quoting *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991))).

Judge Brooks enjoined the enforcement of Section 5 because it "…works an unconstitutional content-based restriction on protected speech." *Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *18-21 (W.D. Ark. July 29, 2023). He came to that conclusion after full briefing by all the parties and a day long evidentiary hearing that included oral argument from all the parties. *Fayetteville Pub. Libr. v. Crawford Cnty.*, 2023 WL 4845636, at *2, 18-21.

The evidence of Crawford County's viewpoint discrimination was irrefutable and constituted an essential component of Judge Brooks's decision to preliminarily enjoin Section 5. *Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *11, 18-21 (W.D. Ark. July 29, 2023).

Last, Crawford County had a full and fair opportunity to litigate the issue of viewpoint discrimination in *Fayetteville Public Library v. Crawford*

*County*, and it vigorously defended itself against the allegation that it engaged in or would engage in such discrimination. 2023 WL 4845636, at *11, 18-21.

## Conclusion

The Plaintiffs have proved that *Fayetteville Public Library v. Crawford County* satisfies all the elements of offensive nonmutual collateral estoppel, consequently, this Court should find that Crawford County has engaged in viewpoint discrimination, and it will continue to engage in viewpoint discrimination. 2023 WL 4845636, at *11, 18-21.

Respectfully submitted,

REBECKA VIRDEN, et al, PLAINTIFFS

| /s/ Terrence Cain | /s/ Brian Meadors |
| --- | --- |
| Terrence Cain, Ark. Bar # 99128 | Brian Meadors, Ark. Bar # 2001186 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 208 Brown Street | 1930 W. Oak Shadows Cir |
| Little Rock, AR 72205-5841 | Memphis, TN 38119 |
| 501-952-8421 | 980-867-1371 |
| terrencecain@windstream.net | brianmeadors@gmail.com |