IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**REBECKA VIRDEN, on their own behalf and on behalf of their minor children; SAMANTHA ROWLETT, on their own behalf and on behalf of their minor children; NINA PRATER, on their own behalf and on behalf of their minor children**                                    PLAINTIFFS

vs.                                    No. 2:23-cv-2071-PKH

**CRAWFORD COUNTY, ARKANSAS,** *et al,*                                    DEFENDANTS

## JOINT RULE 26 (f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1, counsel for Plaintiffs and Defendants conferred on August 7, 2023 and hereby respectfully submit this Joint Rule 26(f) Conference Report as follows:

**(1)   Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a):**

Joint Response: None.

**(2)   Date when mandatory disclosures were or will be made:**

Joint Response:

Initial disclosures mandated by Rule 26(a)(1)(C) will be made on or before August 31, 2023.

Expert disclosures mandated by Rule 26 (a)(2) will be made on or before November 23, 2023.

Pretrial disclosures mandated by Rule 26(a)(3) will be made on or before March 22, 2024.

**(3)   Subjects on which discovery may be needed:**

Joint Response: The parties may conduct discovery on any and all matters within the scope or Rule 26, Plaintiffs' Complaint, Defendants' Answer and defenses.

**(4)** **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

**(a)** **Whether the disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business:**

Joint Response:   The parties will produce discoverable electronically stored information that is reasonably available in the ordinary course of business. The parties will work to agree upon an accepted format and reasonable procedures for production of specifically requested documents or data if unanticipated issues arise.

Plaintiffs' Response:

(a) The Plaintiffs proposed waiving electronic discovery if the Defendants would "admit, without qualification, that [Defendants] created the 'Social Section' and selected books to place in that section because of sectarian reasons." The Defendants declined. Therefore, Plaintiffs' would like to reserve the right to have discovery of Defendants' emails and texts in order to obtain evidence relevant to the Defendants' sectarian motives.

(b) Plaintiffs do not believe that their personal texts or emails have any discoverable information.

**(b)** **The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business:**

Defendants' Response:  To the extent that Plaintiffs seek electronic discovery beyond the scope of what is held during the ordinary course of business or beyond to scope of the claims at issue in this litigation, Defendants will seek for such discovery costs to be paid for by the requesting party.

Plaintiffs' Response: If Plaintiffs are unable to decisively show Defendants' sectarian (religious) motivations through normal discovery means and must instead rely on Defendants' texts and emails, the Plaintiffs will ask that the Defendants' bear that cost.

**(c)** **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production:**

Joint Response:   Unless impractical, the information will be produced through flash drives, shared drives, or other agreed upon electronic means. All documents or files will be uniquely bates-labeled.

**(d)** **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise:**

Joint Response:   The parties have taken reasonable measures to preserve potentially discoverable data.

(e) **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery:**

Defendants' Response:   Defendants anticipate a discovery dispute as to the scope of discovery and electronic discovery.  Plaintiffs have indicated that they intend to seek text messages and emails from Defendants' non-county emails and phones.  Defendants believe that the basis for such discovery is not tied to any element of the claims that Plaintiffs must prove in this case and such discovery is against Rule 26.  Defendants anticipate a discovery dispute as to such discovery.

Plaintiffs' Response: As discussed in 4(a) and 4(b) above, if Plaintiffs are unable to decisively show Defendants' sectarian (religious) motivations through normal discovery means, Plaintiffs will seek Defendants' texts and emails to make that showing.

**(5)** **Date by which discovery should be completed:**

Joint Response: The parties propose that the deadline for completing discovery be set for January 22, 2024 (90 days before trial).

**(6)** **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure:**

Joint Response:     None at this time.

**(7)** **Any orders, e.g. protective orders, which should be entered:**

Plaintiffs' Response: Plaintiffs ask that this response read, "The parties agree to scrupulously adhere to Rule 5.2 [Privacy Protection For Filings Made with the Court] of the Federal Rules of Civil Procedure."

Defendants' Response: None at this time, but Defendants expect the need for a protective order as discovery progresses. Prior to seeking a protective order, Defendants will consult with Plaintiffs to determine if a joint, draft protective order could be submitted to the Court pursuant to this Court's standard scheduling order.

**(8)** **Any objections to initial disclosures on the grounds that mandatory disclosures are appropriate in the circumstances of the action:**

Joint Response:     None.

**(9)** **Any objections to the proposed trial date:**

Joint Response: The parties have no objection to the proposed bench trial date of April 22, 2024.

**(10)** **Proposed deadline for joining other parties and amending the pleadings:**

Joint Response: The parties propose that the deadline for joining additional parties or amending pleadings be set for December 14, 2023 (130 days before trial).

**(11)** **Proposed deadline for filing motions:**

Joint Response: The parties propose that the deadline for filing all motions, except motions in limine, shall be January 29, 2024, and motions in limine shall be April 1, 2024.

**(12)**     **Class Certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification:**

<u>Joint Response:</u> This case is not a class action.

Respectfully Submitted,

**PPGMR Law, PLLC**

| | |
|---|---|
| James D. Rankin III, AR Bar #93197 | Terrence Cain, Ark. Bar # 99128 |
| Forrest C. Stobaugh, AR Bar #2018186 | 208 Brown Street |
| Samuel S. McLelland, AR Bar #2020101 | Little Rock, AR 72205-5841 |
| P.O. Box 3446 | 501-952-8421 |
| Little Rock, AR 72203 | terrencecain@windstream.net |
| Telephone: (501) 603-9000 | |
| Facsimile: (501) 603-0556 | Brian Meadors, Ark. Bar # 2001186 |
| E-mail: Jim@ppgmrlaw.com | 1930 W. Oak Shadows Cir |
|       Forrest@ppgmrlaw.com | Memphis, TN 38119 |
|       Sam@ppgmrlaw.com | 980-867-1371 |
| | brianmeadors@gmail.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |