IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECKA VIRDEN, on their own behalf and
on behalf of their minor children; SAMANTHA
ROWLETT, on their own behalf and on behalf
of their minor children; NINA PRATER, on their
own behalf and on behalf of their minor children                    **PLAINTIFFS**

vs.                        No. 2:23-cv-2071-PKH

**CRAWFORD COUNTY, ARKANSAS,** *et al,*                    **DEFENDANTS**

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CERTAIN FINDINGS

COME NOW Defendants, Crawford County, County Judge Chris Keith, Interim Library Director Eva White, Quorum Court Members: Robert Kevin Arnold, Lonnie Myers, Morgan R. Morgan, Jason Peppas, Brad Martin, Mark Shaffer, Lonnie Jennings, Tia Woodruff, Jason Cox, Jeff Beaucamp, Craig Wahlmeier, Mitch Carolan, and Roger Atwell, and Library Board Members: Keith Pigg, Collen Hoelscher, Tammara Hamby, Amanda Stevens, and Kaelin Schaper ("Defendants or Crawford County"), all in their official capacities, by and through their undersigned counsel, and for their response to Plaintiffs' Motion for Certain Findings state:

### INTRODUCTION

Plaintiffs have an on-again-off-again relationship with *Fayetteville Pub. Libr. v. Crawford Cnty., Arkansas*, No. 5:23-CV-05086, 2023 WL 4845636 (W.D. Ark. July 29, 2023).[1] Plaintiffs previously told this Court that the Fayetteville Litigation did not affect the relief they sought in this case. *Doc. 24* at 1–2. Now, things are back on: Plaintiffs ask this Court to make findings of fact in this case based on preliminary rulings in the Fayetteville Litigation. *Doc. 25*, *26*. But

---

[1] Defendants refer to *Fayetteville Pub. Libr. v. Crawford Cnty., Arkansas*, No. 5:23-CV-05086, 2023 WL 4845636 (W.D. Ark. July 29, 2023) as the "Fayetteville Litigation" throughout this response.

1

Plaintiffs' motion is plagued by several issues, chief among them is that the rulings in the Fayetteville Litigation are not final. Finality is a necessary element of the preclusion doctrine Plaintiffs attempt to invoke in their motion. However, finality is lacking. Consequently, Plaintiffs' motion should be denied in its entirety.

## LEGAL STANDARD

Plaintiffs seek to invoke a preclusion doctrine entitled "nonmutual collateral estoppel." *Doc. 26* at 3. This type of issue preclusion prevents litigants from relitigating issues decided in prior cases. *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997). Issue preclusion has five required elements:

(1) the prior case must end in a "valid and final judgment";

(2) the issue sought to be precluded in the current case must be the same issue in the prior case;

(3) the issue sought to be precluded in the current case "must have been actually litigated in the prior [case]";

(4) the issue litigated and determined in the prior case "must have been essential to the prior judgment"; and

(5) the party, in the current case, against whom preclusion is sought must have been a party (or in privity) in the prior case.

*Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102–03 (8th Cir. 2013). Plaintiffs must establish all five elements to successfully assert issue preclusion. Here, Plaintiffs have not established those elements.

## ARGUMENT

### I. A Summary of the Fayetteville Litigation

Plaintiffs assert that Crawford County "vigorously defended the issue of viewpoint and content discrimination" in the Fayetteville Litigation. *Doc. 26* at 7. That is simply not true.

2

The Fayetteville Litigation deals with a facial challenge to Arkansas Act 372's constitutionality. *FL² Doc.* 2 at ¶1. As the plaintiffs in the Fayetteville Litigation admit: the facts related to Crawford County were only included in their complaint as "background facts." *FL Doc 33* at 4. Plaintiffs in the Fayetteville Litigation specifically have not put Crawford County's conduct at issue in their case:

> "Plaintiffs do not challenge or seek relief with respect to the conduct Crawford County has already taken, as the *Virden* plaintiffs do."

*FL Doc. 33* at 4. The Fayetteville Litigation was about the constitutionality of a statute—not the "Social Section" at issue in this case. Crawford County's actions at issue in this case have not been litigated, let alone "vigorously defended" in another case.

Both alleged findings from the Fayetteville Litigation that Plaintiffs seek to preclude are currently the subject of reconsideration because of evidentiary issues related to those findings. *FL Docs. 55, 56.* For example, the court's ruling that there is photographic evidence of an adult's only section in Crawford County based upon Exhibit 30 was a mistake. Exhibit 30 (the alleged photographic evidence) was never admitted into the record. *FL Doc. 56* at 3–5. Crawford County has raised these discrepancies with the court in the Fayetteville Litigation. *FL Docs. 55, 56.*

## II. The Required Elements for Issue Preclusion Are Not Present

Nonmutual issue preclusion has five necessary elements. Plaintiffs fail them all.

**No Final Judgment.** First, Plaintiffs lack the final judgment necessary to even begin to conduct an issue preclusion analysis. Plaintiffs admit that the preliminary injunction order in the Fayetteville Litigation is not considered a final order for preclusion:

> "Findings in support of a preliminary injunction are tentative and *generally* do not have a preclusive effect, but that is not always the case."

---

[2] Docket citations to the Fayetteville Litigation will be denoted by "*FL Doc.*" All docket citations to this case's docket will be denoted with the traditional "*Doc.*"

3

*Doc. 26* at 8.  Yet Plaintiffs do not provide "the case."  In fact, Plaintiffs do not cite a single case from the Eighth Circuit that agrees with Plaintiffs' proposition—that preliminary injunctions are final judgments warranting preclusion in another case.  Plaintiffs' lack of case law is because the Eighth Circuit has consistently held the opposite:

> "We note that our decision is limited to whether the district court erred in denying the preliminary injunction and is not a final decision on the merits for purposes of collateral estoppel. *See Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir. 1982)."

*Williams v. Wyrick*, 747 F.2d 1231, 1233 n.1 (8th Cir. 1984); *see also In re CenturyLink Sales Pracs. & Sec. Litig.*, 843 F. App'x 825, 827–28 (8th Cir. 2021) (finding that a preliminary injunction was not a final order for purposes of preclusion).

The Eight Circuit has made it very clear:  the granting of a preliminary injunction is not a final judgment for purposes of collateral estoppel.  *Medtronic*, 684 F.2d at 569. With no final judgment, this Court can end its inquiry into Plaintiffs' attempt to use issue preclusion.

**Same Issue, Actually Litigated; It Was Not.**  On the second and third elements, Plaintiffs must show that the issue they seek to have precluded in this case was the same issue in the Fayetteville Litigation and that the issue was actually litigated.  Plaintiffs frame it as follows:

> "The issue in this case is whether Crawford County has engaged in, and continues to engage in, viewpoint discrimination in violation of the First Amendment.  That was the same issue Crawford County vigorously defended in [the Fayetteville Litigation], and on that issue, Crawford County lost."

*Doc. 26* at 6. Again, Plaintiffs are wrong.  Crawford County discussed above how the Fayetteville Litigation is only concerned with a facial challenge of Act 372; those plaintiffs do not seek to litigate the same issues that the *Virden* Plaintiffs here seek to litigate. *FL Doc. 33* at 4.  Crawford County defended certain issues regarding the facial challenge of Act 372 in the Fayetteville

4

Litigation, such as whether Crawford County was a proper party defendant and, if so, did plaintiffs have standing to sue Crawford County for a state law facial challenge. *See FL Docs. 35, 36, 38, 44, 45 & 49.* Crawford County is now defending the issues presented solely in this litigation—does its use of Social Sections violate the right to receive information and the Establishment Clause. *Doc. 7* at ¶29. Issues regarding Crawford County's use of Social Sections are not the same as the issues in the Fayetteville Litigation, nor were they "actually litigated" in the Fayetteville Litigation. *Sandy Lake Band*, 714 F.3d at 1102–03.

**Nonessential Issues.** Fourth, Plaintiffs have to show that the issue they want precluded was essential to the prior judgment. Issues are essential when the judgment depends upon its determination. *Bobby v. Bies*, 556 U.S. 825, 835 (2009); RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. h. (1982). "If a judgment does not depend on a given determination, relitigation of that determination is not precluded." *Bobby*, 556 U.S. at 835.

To determine if a judgment depends on a particular issue this Court need only ask one question—whether the issue in the prior case was (1) not included in the judgment or (2) was decided oppositely, would the judgment change? *See id*; RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. h. (1982). Here, that question is easily answered in the negative.

The preliminary injunction in the Fayetteville Litigation deals with enjoining Arkansas's Act 372 based on the face of the Act. That ruling does not turn on the actions of a single actor. Instead, it turns on whether the statute cannot possibly be applied in any constitutional manner:

> "'A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully....' *United States v. Salerno*, 481 U.S. 739, 745 (1987). 'To succeed challengers [must] establish that no set of circumstances exists under which [the Act] would be valid, or that the statute lacks any plainly legitimate sweep.'"

*Phelps-Roper v. Ricketts*, 867 F.3d 883, 891–92 (8th Cir. 2017) (internal citations omitted). If Judge Brooks made opposite findings as to the factual dicta raised by Plaintiffs in this case, the

words of Act 372 would not change. If Judge Brooks made opposite findings as to the factual issues Plaintiffs want precluded, the constitutionality or unconstitutionality of Act 372 would not change. If Judge Brooks omitted the findings raised by Plaintiffs in their motion, his preliminary order could still stand. Therefore, the issues Plaintiffs want precluded in this case were not determinative to the preliminary injunction issues in the Fayetteville Litigation, and thus, the issues are not "essential to the prior" ruling. *Sandy Lake Band*, 714 F.3d at 1102–03.

**Privity and Party**. Lastly, Plaintiffs ignore that issue preclusion can only be asserted against a party that was part of the prior case, or in privity to that party. *Id.* The Fayetteville Litigation only included Crawford County and County Judge Keith. Defendants here include the Quorum Court, the Library Director, and the Library Board. Plaintiffs have made no argument as to how these Defendants are in privity with Crawford County or Judge Keith.[3] Again, Plaintiffs have failed to show how issue preclusion can be asserted in this case at every turn.

**Five Elements, Not Met; No Fees.** Plaintiffs could easily have determined that preliminary orders are not final judgments for purposes of issue preclusion. *See Sandy Lake Band*, 714 F.3d at 1102–03. They should have reviewed the Fayetteville Litigation's pleadings and seen that Crawford County's use of Social Sections was explicitly found not to overlap with that case. *FL Docs. 33, 41*.

But instead of conducting their due diligence, Plaintiffs have chosen to waste Crawford County's time and money responding to their baseless motion. Everyone knows that in American litigation each side pays their way and that in 42 U.S.C. § 1983 litigation "the prevailing party" can recoup their reasonable fees. *Fox v. Vice*, 563 U.S. 826, 833 (2011); 42 U.S.C. § 1988. That leaves Crawford County paying its counsel to respond to this insufficient motion. Crawford

---

[3] To the extent that Plaintiffs introduce new arguments in reply on this point, Defendants reserve the right to file a sur-reply to address Plaintiffs' new arguments as Defendants did not have the ability to address them in this response.

County points this out now because should Plaintiffs prevail in the future, Crawford County will ask the Court not to award Plaintiffs any of their fees in relation to this motion as it is lacking any legal or factual basis and is advancing an unmeritorious attempt at circumscribing Crawford County's ability to fully litigate these issues. *See Fox*, 563 U.S. at 833–36.  Plaintiffs' lackadaisical practices should not be rewarded or compensated.

## CONCLUSION

The factual findings Plaintiffs seek to have precluded in this case are under reconsideration by another court for evidentiary issues.  Such potential for change in a court's order is precisely why preclusion begins with a final judgment, something Plaintiffs do not have. With no final judgment and revisionist history, Plaintiffs fail to satisfy each element of issue preclusion's five-step analysis. Thus, Plaintiffs' motion should be denied in its entirety.

WHEREFORE, Defendants pray that Plaintiffs' Motion for Certain Findings, *Doc. 25*, be denied; to recover their fees, costs and disbursements incurred in responding to said motion; and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**PPGMR Law, PLLC**

James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com
           Forrest@ppgmrlaw.com
           Sam@ppgmrlaw.com

*Attorneys for Defendants*