United States District Court
Western District of Arkansas

**Rebecka Virden, et al.**                                                                 **Plaintiffs**

v.                          Case No. 2:23-cv-02071-PKH

**Crawford County, Arkansas, et al.**                                          **Defendants**

**The Plaintiffs' Reply to the Defendants' Response to the Plaintiffs' Motion for Certain Findings**

The Defendants claim that because they have requested that Judge Brooks "reconsider" the two findings the Plaintiffs ask this Court to make in this case, that request somehow precludes this Court from making those same two findings. Asking a court to "reconsider" a finding does not change the fact that the court has made that finding, and as of this writing, the two findings Judge Brooks made and that the Plaintiffs ask this Court to make remain undisturbed. There mere fact that the Defendants have asked Judge Brooks to change his mind is of no moment and does no work in this case.

Next, the Defendants claim that the Eighth Circuit has categorically held that a preliminary injunction prohibits the application of collateral estoppel. The Eighth Circuit has never stated such a sweeping proposition. The Defendants cite *Williams v. Wyrick*, 747 F.2d 1231, 1233 n.1 (8th Cir. 1984). *Williams* did not hold that a preliminary injunction can never have preclusive effect, rather, the Court said in a footnote that *its decision in that case* was not a final decision for the purposes of collateral estoppel. 747 F.2d at 1233 n.1 (emphases added). *Williams* came nowhere

near to announcing a categorial rule that a preliminary injunction can never have preclusive effect.

The Defendants also cite *Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir. 1982). *Medtronic* actually cuts against the Defendants because it says precisely what the Plaintiffs said in their motion, *i.e.*, "…the granting or denial of a preliminary injunction is *generally* not based on a final decision on the merits and is not a final judgment for the purposes of collateral estoppel." 684 F.2d at 569 (citing *Starbuck v. City & Cnty. of S.F.*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) (citing 1B *Moore's Federal Practice* ¶¶ 0.401, 0.409(1), 0.441(2) (2d ed. 1947)) (emphasis added).

The Eighth Circuit has never said that a preliminary injunction can never have preclusive effect. The categorial rule the Defendants claim "[t]he Eighth Circuit has made…very clear…" does not exist. The Eighth Circuit, like the District of Columbia Circuit and the Seventh Circuit, approaches the question of whether a preliminary injunction has preclusive effect on a case by case basis. *Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir. 1982) (citing 1B *Moore's Federal Practice* ¶¶ 0.401, 0.409(1), 0.441(2) (2d ed. 1947)); *Mahoney v. Babbitt*, 113 F.3d 219, 224 (D.C. Cir. 1997) (citing *Gjertsen v. Bd. of Election*, 751 F.2d 199, 202 (7th Cir. 1984) (the preclusive effect of findings on a preliminary injunction varies with the procedural posture of specific cases); *Commodity Futures Trading Comm'n v. Bd. of Trade*, 701 F.2d 653, 657-658 (7th Cir. 1983) (findings in support of a

2

preliminary injunction are tentative and *generally* unlikely to have a preclusive effect, but expressing a belief that in that particular case they might)) (emphasis added).

Judge Brooks's findings that Crawford County has engaged in, and continues to engage in, viewpoint discrimination in violation of the First Amendment should have a preclusive effect in this case because he based those findings on Crawford County's admission that it could engage in viewpoint discrimination and irrefutable photographic evidence that it engaged in that very discrimination. *Fayetteville Pub. Libr. v. Crawford Cnty.*, No. 5:23-CV-05086, 2023 WL 4845636, at *11 (W.D. Ark. July 29, 2023). Nothing about Crawford County's admission or the photographic evidence of its admission can or will change, consequently, this is a case where a finding in support of a preliminary injunction should have preclusive effect. *Mahoney v. Babbitt*, 113 F.3d 219, 224 (D.C. Cir. 1997) (citing *Gjertsen v. Bd. of Election*, 751 F.2d 199, 202 (7th Cir. 1984); *Commodity Futures Trading Comm'n v. Bd. of Trade*, 701 F.2d 653, 657-658 (7th Cir. 1983)).

Next, the Defendants claim they did not vigorously contest the allegation that they engaged in, and continue to engage in, viewpoint discrimination because *Fayetteville Public Library v. Crawford County* was solely about a constitutional challenge to Act 372. The First Amendment challenge to Act 372 was the primary issue in *Fayetteville Public Library v. Crawford County*, but Crawford County's existing First Amendment violations and its commitment to continue them plainly informed and were essential to Judge Brooks's decision to enjoin the enforcement

3

of Sections 1 and 5 of Act 372. No. 5:23-CV-05086, 2023 WL 4845636, at *11, 18-21 (W.D. Ark. July 29, 2023).

Next, the Defendants claim the Crawford County Quorum Court, the Library Director, and the Library Board were not parties to *Fayetteville Public Library v. Crawford County*, therefore, the privity required for the application offensive nonmutual collateral estoppel is missing. Crawford County is a defendant in this case, and is a defendant in *Fayetteville Public Library v. Crawford County*, and no one can truthfully or credibly deny that the Crawford County Quorum Court, the Library Director, and the Library Board acted in concert with Crawford County in committing the First Amendment violations Judge Brooks found in *Fayetteville Public Library v. Crawford County*. No. 5:23-CV-05086, 2023 WL 4845636, at *11, 18-21 (W.D. Ark. July 29, 2023).

The Defendants conclude their response by hurling a fusillade of insults at the Plaintiffs, accusing them of not "…conducting their due diligence…[,] wast[ing] [the Defendants' time and money…[filing a motion that]…lack[s] any legal or factual basis…[, and having]…lackadaisical practices…" Let's put this churlishness to the side for a moment; if the Defendants genuinely believe that the Plaintiffs failed to "…conduct[]…due diligence" and "…waste[ed] Crawford County's time and money…[and filed a motion that]… lack[s] any legal or factual basis…[, and hav[e]…lackadaisical practices…[,]" instead of engaging in peevish name-calling, they should have filed a motion for Rule 11 sanctions, sought

4

sanctions under 28 U.S.C. § 1927, or both. They did neither and for good reason; had they done so, *that* would have been frivolous and sanctionable.

The Plaintiffs stand by every word they have uttered before this Court, and going forward, the Defendants should keep their petulant smears to themselves and stick to the facts and the law.

Respectfully submitted,

Terrence Cain
Bar Number 99128
Attorney for the Plaintiffs
Attorney at Law
208 Brown Street
Little Rock, Arkansas 72205-5841
Telephone: (501) 664-7512
E-mail: terrencecain@windstream.net
