IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**REBECKA VIRDEN, on their own behalf and
on behalf of their minor children; SAMANTHA
ROWLETT, on their own behalf and on behalf
of their minor children; NINA PRATER, on their
own behalf and on behalf of their minor children**          **PLAINTIFFS**

vs.                    No. 2:23-cv-2071-PKH

**CRAWFORD COUNTY, ARKANSAS, *et al*,**                  **DEFENDANTS**

<u>**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS, AND IN THE ALTERNATIVE, PARTIAL MOTION TO
DISMISS AND STRIKE CERTAIN ALLEGATIONS**</u>

COME NOW Defendants, Crawford County, Arkansas, County Judge Chris Keith, Interim Library Director Eva White, Quorum Court Members: Robert Kevin Arnold, Lonnie Myers, Morgan R. Morgan, Jason Peppas, Brad Martin, Mark Shaffer, Lonnie Jennings, Tia Woodruff, Jason Cox, Jeff Beauchamp, Craig Wahlmeier, Mitch Carolan, and Roger Atwell, and Library Board Members: Keith Pigg, Kayla Rich, Tammara Hamby, Robby Dyer, and Kaelin Schaper ("Defendants"), all in their official capacities, by and through their undersigned counsel, and for their Motion to Dismiss Plaintiffs' Second Amended Complaint ("Complaint") and in the Alternative Partial Motion to Dismiss and Strike Certain Allegations, pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(6), and (f), state:

**INTRODUCTION**

Plaintiffs have amended their Complaint. With the amendment comes further confirmation that Plaintiffs' case is merely a means to express their displeasure with certain preferences in the way their county libraries catalogue materials. Although Plaintiffs recite the necessary words about the Constitution and conclude they have suffered constitutional harms, the facts pled clearly

1

show that their alleged injuries have no legal underpinning. Plaintiffs now appear to be upset that the Crawford County Library System does not comply with certain American Library Association ("ALA") policies. However, these policies are not law nor are they Constitutionally required. With no legal basis for their claims, Plaintiffs fail to carry their burden in establishing an injury-in-fact and redressability for Article III standing. With their sparse factual allegations, Plaintiffs fail to establish causation for Article III standing and fail to state any claim as to the Library Board and Library Director Defendants. Therefore, the Plaintiffs' Complaint should be dismissed for lack of standing, and at a minimum, the claims against the Library Board and Library Director Defendants should be dismissed for a lack of standing and failing to state a claim against them. FED. R. CIV. P. 12(1), (6).

Should this Court find that Plaintiffs have sufficiently pled a potential constitutional harm, then Defendants move to strike paragraphs 28–37, including their subparts, and the WHEREFORE clause of the Complaint as immaterial. FED. R. CIV. P. 12(f).

## LEGAL STANDARDS

In assessing Defendants' motion to dismiss, this Court accepts Plaintiffs' facts set forth in the Complaint as true and must determine whether said Complaint states a plausible claim for relief on the face of those facts. *Turkish Coal. of Am., Inc. v. Bruininks*, 678 F.3d 617, 621 (8th Cir. 2012); *League of Women Voters of Arkansas v. Thurston*, No. 5:20-CV-05174, 2021 WL 5312640 at *1, 4 (W.D. Ark. Nov. 15, 2021) (Holmes, J.). Those facts must also "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" because Plaintiffs lawsuit is brought pursuant to 42 U.S.C. § 1983. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Without such facts a plaintiff fails to state a claim upon which relief can be granted. *Id.*

In assessing Defendants' alternative motion to strike, this Court enjoys broad discretion in whether to grant such a motion. *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021). Material from Plaintiffs' Second Amended Complaint may be stricken if it is "redundant, immaterial, impertinent, or scandalous." *Id.*; FED. R. CIV. P. 12(f). Material is considered immaterial when it has no essential relationship to the claim for relief. *Hooks v. Saltgrass Arkansas, Inc.*, 2022 WL 2541039 (E.D. Ark. July 7, 2022). Although motions to strike are disfavored, striking portions of complaints that lack legal basis and prayers for relief that are not available under the applicable law are properly subject to a motion to strike. *Donelson*, 999 F.3d at 1092; *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997).

**FACTS**

Here are the facts, accepted as true from the Complaint with all reasonable inferences drawn in Plaintiffs' favor.[1] According to the Plaintiffs, Crawford County's Quorum Court directed the Crawford County Library System to "sequester" certain books by relocating them into a newly created section of the library. *Doc. 41* at ¶22. This section is known as the "Social Section" and it contains some LGBTQ+ books. *Doc. 41* at ¶¶17, 18 & 22. Such a decision by the Quorum Court amounts to "the Quorum Court engaging in viewpoint discrimination." *Doc. 41* at ¶21. The actions by the Quorum Court also run counter to several policies of the American Library Association. *Doc. 41* at ¶31–37. Although Plaintiffs bring their lawsuit pursuant to 42 U.S.C. § 1983, which allows for redressing constitutional harms, Plaintiffs seek relief in this case only in the form of an order instructing compliance with American Library Association policies. *Doc. 41* at 12. However, the American Library Association's policies are absent from and not referenced in the Constitution. *See* U.S. CONST.

---

[1] Defendants reserve all rights and defenses pertaining to any facts alleged by Plaintiffs in their Complaint, *Doc. 41*. The summation of facts presented above is not a concession of any fact stated herein.

Even when these facts are accepted as true, Plaintiffs do not have standing to bring their lawsuit and certainly do not have standing to bring their claims against parties that are not the Quorum Court.

## ARGUMENT

I. **Plaintiffs' Lack of Article III Standing**

Every litigant must establish Article III standing; it is a "jurisdictional prerequisite." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). The core requirement for standing is the existence of an injury-in-fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An injury-in-fact is an "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (emphasis added). The remaining requirements are causation and redressability. *Id.* Causation is satisfied when the conduct complained of can be traced to the defendant. *Id.* Redressability is satisfied when it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561.

Here, Plaintiffs fail to satisfy the injury and redressability elements of the Article III standing as to all Defendants and the causation element as to the Library Board and Library Director Defendants.

**A.** *Lack of an Injury-in-Fact as to All Defendants*

Plaintiffs' lack of injury is not new to this case. Defendants previously argued that Plaintiffs lacked Article III standing for failing to have an injury-in-fact based on Supreme Court precedent. *See Docs. 20, 21, 28*. Defendants are aware of the Court's ruling on those arguments as they relate to Plaintiffs' Amended Complaint. *Doc. 36*. Defendants will not belabor those arguments previously raised. However, to the extent those arguments are applicable here,

4

Defendants incorporate by reference their previous arguments from *Docs 20, 21*, and *28* as if fully stated herein and as applied to Plaintiffs' Second Amended Complaint ("Complaint").

Plaintiffs' Complaint, as recently amended, now lacks an injury-in-fact by alleging an injury for which there is no legal basis. The injury Plaintiffs want redressed in this lawsuit focuses solely on ALA policies. Plaintiffs state it repeatedly in their Complaint:

> 33. The actions of the County with regard to its library are inconsistent with all seven policies of the ALA's Bill of Rights.
>
> 35. The American Library Association…[has] endorsed the Cataloguing Code of Ethics.
>
> 37. Crawford County Library's actions implicates ethical principles 1, 2, 3, 6, and 10 of the Code.

*Doc. 41* at 11–12. Regardless of if the ALA's Bill of Rights or the Cataloguing Code are being followed exactly, those polices are not statutes, constitutional rights, or a "legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiffs attempt to create such a state statutory right where none exists. In the Complaint, Plaintiffs meld together two Arkansas statutes to give the illusion that "a librarian operating a library consistently with required training in 'an accredited American Library Association program' is operating a library in an 'acceptable manner.'" *Doc. 41* at ¶31. But such a legal conclusion does not explicitly state that county libraries are to follow all ALA policies. Looking at the statutes cited by Plaintiffs proves this point.

First, Arkansas Code Annotated § 13-2-204(b) regulates state libraries, not county libraries. Second, Arkansas Code Annotated § 13-2-905(a) requires that a library "director shall have a master's degree from an accredited American Library Association program." Third, Arkansas Code Annotated § 13-2-402 requires county librarians to "conduct the library according to the

most acceptable library methods." Nowhere do these statutes cited by Plaintiffs or any Arkansas statute recognize (1) a statutory right that a county library follows ALA policy and (2) a private right of action to redress such a violation.

To reach an injury in this case, this Court would have to first rule that Plaintiffs' melding of Arkansas statutes can be read to require compliance with ALA policy. Next, the Court would either have to find there is a private right of action for such a ruling or find that the First Amendment requires libraries to follow ALA policies. Without those preliminary findings, there is no "legally protected interest" upon which to base a Complaint. Plaintiffs may prefer that Crawford County Library System follow some or all of ALA's policies, but preference is not synonymous with injury. Without an injury-in-fact, Plaintiffs lack Article III standing.

Plaintiffs also attempt to create a federal right to such policies where none exist. Plaintiffs' case is jurisdictional before the Court pursuant to 42 U.S.C. 1983. *Doc. 41* at 3. To state a claim under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Reynolds*, 636 F.3d at 979 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). But here, Plaintiffs merely conclude that failing to follow the ALA's policies amount to a constitutional violation— "the actions of the County with regard to its library are inconsistent with all seven policies of the ALA" and such actions violate the First Amendment. *Doc. 41* at ¶¶33, 38. What is lacking from Plaintiffs' accusations is a federal right that codifies and makes enforceable the policies of the ALA against all each named Defendant. Again, without such legal underpinning Plaintiffs have preferences to redress, not injuries.

Plaintiffs not only fail to establish a federal or state protected legal interest as required for Article III standing, but also fail to state a claim for relief against each named defendant. *Lujan*

6

*v.*, 504 U.S. at 560; *Reynolds*, 636 F.3d at 979; FED. R. CIV. P. 12(b)(6). Therefore, Plaintiffs Complaint should be dismissed. FED. R. CIV. P. 12(b)(1), (6).

### B. *Lack of Redressability as to all Defendants*

Should the Court find that Plaintiffs have pleaded a cognizable constitutional injury-in-fact, Plaintiffs still lack Article III standing because the relief they seek will not redress such an injury.

Plaintiffs' Complaint makes it clear that all they seek is an order commanding the Library to "operate in a manner consistent" with the ALA's policies. *Doc. 41* at 12. However, such an order does not guarantee compliance with the Constitution. For example, the Crawford County Library System's use of Social Sections already complies with ALA Bill of Rights, which provides that material should not be excluded or censored, material should be presented on all viewpoints, and libraries should not discriminate. *Doc. 41* at 14. The Social Sections do not remove material from the library, as it is a product of compromise at the behest of the Quorum Court to prevent removal of books that present new viewpoints, and all library patrons can access the Social Section. *See Doc. 41*. If the Constitution requires more than what the ALA requires, then an order requiring compliance with ALA policies does not redress the alleged constitutional harm as it does not go far enough. Redressability is only satisfied when it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. Speculation is the only guarantee with the order Plaintiffs seek.

An example is illustrative. In *Lujan*, the Supreme Court found that a plaintiff lacked standing because the relief sought would not redress the alleged injury. 502 U.S. at 567. The plaintiff sought an order that would require a government official to comply with a previous interpretation of a regulation that affected funding of certain government projects. *Id.* at 558. The Supreme Court found no redressability because such an order would be "entirely conjectural" as

to achieving the funding levels the plaintiff wanted based on factors not before the court. *Id.* at 571.  Here, if Plaintiffs achieve an order which requires "consistent" compliance with ALA policies, that does not guarantee that (1) the Social Section would be removed from the Crawford County Library System and (2) redress a potential Constitutional harm. *Doc. 41* at 12.  It is hypothetical that such outcomes flow from an order mandating compliance with ALA policies.

Therefore, Plaintiffs' Complaint should be dismissed because Plaintiffs' remedy would not redress the harm they complain to suffer from.

### C. *Lack of Causation and Failing to State a Claim as to the Library Board Defendants and the Library Director Defendant*

Should this Court find that Plaintiffs have satisfied the redressability and injury elements as to all defendants, then at a minimum, there is a lack of causation based on Plaintiffs' Amended Complaint as to the Library Board Defendants and Library Director Defendants. Plaintiffs lack of causation is due to their failure to state a claim or allegation against the Library Board Defendants and Library Director Defendants.

For standing, Plaintiffs are required to show that their injury is "fairly traceable to the challenged action of the defendant." *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023).  In their new Complaint, Plaintiffs allege that it is the Crawford County Quorum Court who mandated the creation of the Social Section, subsequently violating the ALA's policies. *Doc. 41*.  Plaintiffs do not allege that the Library Board or the Library Director created the injury for which Plaintiffs complain of. *Id.*  Nor do Plaintiffs allege that the Library Board or Library Director enforce library policy. *Id.*  Instead, Plaintiffs allege that their grievance rests solely with the Quorum Court and County Judge. *Id.*

For pleading a claim under 42 U.S.C. § 1983, Plaintiffs are required to "plead that each Government-official defendant, through the official's own individual actions, has violated the

8

Constitution." *Reynolds*, 636 F.3d at 979 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Plaintiffs have not plead what official government actions taken by the Library Board Defendants and Library Director Defendants caused Plaintiffs' alleged constitutional harms.

Therefore, Plaintiffs' claims against the Library Board and Library Director Defendants should be dismissed for lack of causation and failing to state a claim against them. FED. R. CIV. P. 12(b)(1), (6).

## II. Certain Allegations of Plaintiffs' Complaint Should Be Stricken.

Should the Court find that Plaintiffs have standing against any Defendants, then the allegations in paragraphs 28–37, including their subparts, and the remedy in the "WHEREFORE" clause of Plaintiffs' Complaint must be stricken as immaterial. *Doc. 41* at 9–12. Immaterial allegations and claims are ones that have no "essential or important relationship to the claim for relief." *Resol. Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994).

The allegations contained in paragraphs 28–37 center on what libraries "should" do in accordance with the ALA's recommendations. *Doc. 41* at 9–11, 14. They are not "federal rights elsewhere conferred by…the U.S. Constitution" or federal statutes. *Henley v. Brown*, 686 F.3d 634 (8th Cir. 2012). As non-federal or constitutional provisions, such policies are not relevant to a cause of action brought under 42 U.S.C. § 1983. *Id.* If Plaintiffs' claim truly centers on the First Amendment, then non-constitutional, non-federal, non-party policies bear no relationship to what the First Amendment requires of Defendants. The Constitution and the interpretation of thereof is left solely to this Court's determination. *In re Young*, 141 F. 3d 854, 859 (8th Cir. 1998).

The remedy presented in the WHEREFORE paragraph presents conflicts with the appropriate "function" of the federal judiciary. *See Missouri v. Jenkins*, 515 U.S. 70, 135 (1995) (Thomas, J. concurrence). The remedy sought by Plaintiffs is that Crawford County Library System be ordered

9

to "operate in manner consistent with the Cataloging Code of Ethics and the American Library Association Bill of Rights." *Doc. 41* at 12. However, an order that broad will permanently inject this Court into the day-to-day operations of the Crawford County Library System in perpetuity, which is outside the bounds of Article III. *Jenkins*, 515 U.S. at 135 (Thomas, J. concurrence).

These boundaries are essential because without them, questions of never-ending litigation arise. For example: If a Crawford County Library wanted to establish a new library policy would it first have to seek leave of Court to do so, ensuring compliance with ALA policies? If the ALA policies change in the future, does the Court's order change? If ALA's policies are more robust than the constitutional minimum set out in the First Amendment, which is the Crawford County Library bound to follow?

Such issues are why a plaintiffs' "remedy must be of course limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). If the Plaintiffs' have an injury-in-fact based on the First Amendment, then the remedy should be limited to just that—the First Amendment. Not non-party, non-constitutional, non-law policies that Plaintiffs prefer.

Therefore, Plaintiffs' requested relief and allegations related to the ALA policies should be stricken as immaterial as they have no bearing on the constitutional claim that Plaintiffs proport to make.

## CONCLUSION

Plaintiffs try to create a constitutional case-and-controversy where none exists. What began as an alleged constitutional violation has transformed into a lawsuit about whether Crawford Count Library complies with the policies of the American Library Association. Such grievances are not appropriate for the federal courts. As such, Plaintiffs' case should be dismissed for lack of standing

10

as to all Defendants, and at a minimum, as to the Library Board and Library Director Defendants. Alternatively, if this Court finds that Plaintiffs have pled enough to demonstrate Article III standing and claims against Defendants, then the allegations related to the American Library Association should be stricken as immaterial as they bear no relationship or guidance on what the First Amendment does or does not require of Defendants.

WHEREFORE, Defendants pray that Plaintiffs' Complaint, *Doc. 41*, be dismissed with prejudice; in the alternative, that Plaintiffs claims against Defendants Eva White, Keith Pigg, Kayla Rich, Tammara Hamby, Robby Dyer, and Kaelin Schaper be dismissed with prejudice, paragraphs 28–37, including their subparts, and the WHEREFORE paragraph of Plaintiffs' Complaint be stricken as immaterial; that Defendants recover their fees, costs and disbursements incurred in defending this action; and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**PPGMR Law, PLLC**

James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com
          Forrest@ppgmrlaw.com
          Sam@ppgmrlaw.com

*Attorneys for Defendants*