UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECKA VIRDEN; SAMANTHA ROWLETT;
and NINA PRATER, on their own behalf and on
behalf of their minor children                                                                      PLAINTIFFS

v.                                              No. 2:23-cv-2071

CRAWFORD COUNTY, ARKANSAS;
COUNTY JUDGE CHRIS KEITH in his official
capacity only; QUORUM COURT MEMBERS
ROBERT KEVIN ARNOLD, LONNIE MYERS,
MORGAN R. MORGAN, BRAD MARTIN,
MARK SHAFFER, LONNIE JENNINGS, TIA
WOODRUFF, JASON COX, CRAIG
WAHLMEIER, MITCH CAROLAN, ROGER
ATWELL, JAYSON PEPPAS, and JEFF
BEAUCHAMP in their official capacities only;
LIBRARY BOARD MEMBERS KEITH PIGG,
TAMMARA HAMBY, KALEIN SCHAPER,
KAYLA RICH, and ROBBY DYER in their
official capacities only; and LIBRARY
DIRECTOR CHARLENE McDONNOUGH in
her official capacity only                                                                          DEFENDANTS

**ORDER**

The parties filed cross-motions for summary judgment on February 18 and 19, 2024 (Docs. 57, 63), which were followed by responses in opposition (Docs. 79, 80). As contemplated by Local Rule 56.1, the parties also filed statements of facts in support of, (Docs. 58, 65), and in opposition to, (Docs. 75, 81), their respective summary-judgment motions. Local Rule 7.2(b) provides parties an automatic right to file a reply brief in support of their motion for summary judgment, but this Court's standard scheduling order limits the length of such reply briefs to seven pages. *See* Doc. 31, § 5. Last week, Defendants requested, *see* Doc. 84, and this Court granted, *see* Doc. 85, leave to file a fourteen-page reply in support of their motion for summary judgment. The following day, Plaintiffs filed a document styled "motion to exceed page limit for their reply to defendants'

1

response to plaintiffs' statement of facts." See Doc. 86.  While our Local Rules authorize reply briefs in support of motions for summary judgment, they do not contemplate the filing of replies in support of statements of facts.  Therefore, the Court entered an order granting in part and denying in part Plaintiffs' motion, providing Plaintiffs the following limited relief: "Plaintiffs may file a reply not exceeding 14 pages in support of their motion for summary judgment."  See Doc. 87.

The Court's intention was for that order to provide Plaintiffs the same expanded page limit for their summary-judgment reply brief that the Court had previously provided Defendants for theirs.  It was not the Court's intention to authorize the filing of any reply in support of a statement of facts.  However, apparently some confusion arose as to the meaning of the Court's order, as Plaintiffs subsequently filed a seven-page reply brief, see Doc. 88, followed by a fourteen-page combined brief and statement of facts with attached exhibits, see Doc. 90, which was in turn followed by an email from Plaintiffs' counsel to the Court asking that the latter filing supersede the former, see Doc. 91-1.  Defendants then filed a motion asking that Plaintiffs' latter filing be stricken or, alternatively, that Defendants be granted leave to file a surreply.  See Doc. 91.

Defendants' motion (Doc. 91) will be GRANTED IN PART AND DENIED IN PART.  The Court will STRIKE both replies (Docs. 88, 90) filed by Plaintiffs.  Given the confusion that occasioned this mishap and in the interest of fairness, Plaintiffs' deadline to file a reply in support of their motion for summary judgment is extended to **March 29, 2024**.  To be clear, this deadline applies to the fourteen-page reply brief that this Court has already authorized Plaintiffs to file.  Consistent with this Court's scheduling order, that reply "must be limited in content to issues raised in a response by an opposing party."  See Doc. 31, § 5.  Plaintiffs are not authorized to file any reply in support of their statement of facts.

IT IS SO ORDERED this 28th day of March, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE