United States District Court
Western District of Arkansas
Fort Smith Division

**Rebecka Virden, et al.**                                                                 **Plaintiffs**

v.                            **Case No. 2:23-cv-02071-PKH**

**Crawford County, Arkansas, et al.**                                                 **Defendants**

### The Plaintiffs' Reply to the Defendants' Response to the Plaintiffs' Motion to Supplement

The Defendants have thrown a temper tantrum. They misrepresented some material facts, the Plaintiffs called them on it, and now they are full of sound and fury. The Court should not indulge their faux outrage. Now, the facts.

On November 8, 2023, the Defendants responded to the Plaintiff's "Request for Production No. 1," where the Plaintiffs requested "…all library policies regarding library material selection in effect from 2020 to the present." (ECF No. 96-1, PageID #: 2160-2170). After asserting an illegitimate objection, they produced three documents: (1) a Materials Selection policy; (2) the American Library Association Library Bill of Rights; and (3) the American Library Association Freedom to Read Statement. (ECF No. 96-1, PageID #: 2160, 2163-2168).

In the Statement of Facts the Plaintiffs filed in connection with their motion for summary judgment, they specifically cited what the Defendants produced on November 8, 2023 and quoted parts of the American Library Association Library Bill of Rights and the American Library Association Freedom to Read Statement, and asserted that the Defendants violated those parts of what the Defendants themselves said was part of their own "policies regarding library material selection

in effect from 2020 to the present." (ECF No. 97, PageID #: 2171-2172). Rather than admit what was and is demonstrably true, the Defendants said in relevant part, "(sic) Defendants *deny* that the Material Selection policy provided by (sic) Plaintiffs was written and adopted when the *current 2023 versions of the Library Bill of Rights and Freedom to Read Statements* (sic) *were published*." (ECF No. 97, PageID #: 2172) (emphases added). This denial is misleading in a number of material respects.

First, the Defendants assert that there is a "…current 2023 version[ ] of the Library Bill of Rights and Freedom to Read Statement[ ]…" that somehow differs from some pre-2023 version. This is demonstrably false.

The American Library Association last amended its Library Bill of Rights on January 29, 2019, and it last amended The Freedom to Read Statement on June 30, 2004. (ECF No. 96-1, PageID #: 2164, 2165, 2167). There is no "…2023 version[ ]…" of either, rather, the "version" of the Library Bill of Rights in effect from 2020 to the present is the identical version that existed on January 29, 2019, and the "version" of The Freedom to Read Statement in effect from 2020 to the present is the identical version that existed on June 30, 2004. (ECF No. 96-1, PageID #: 2164, 2165, 2167). Thus, the Defendants not so subtle suggestion that the very the Library Bill of Rights and Freedom to Read Statement that they produced in discovery is not a part of their own materials selection policy is false.

Second, the Defendants complain that "The Crawford County Library System's Material Selection policy (sic) provided by (sic) Plaintiffs *is not dated* (sic) and the American Library Association's Library Bill of Rights and Freedom to Read

2

Statements (sic) are from 2023…" (ECF No. 97, PageID #: 2172). This cocktail of distortion consists of one part misleading assertions and one part false assertions. The misleading assertion is that the Plaintiffs "provided" an undated Materials Selection Policy. They did no such thing. On November 8, 2023, the *Defendants* produced the Materials Selection Policy they now complain does not contain a date in response to one of the Plaintiffs' document requests. (ECF No. 96-1, PageID #: 2160, 2163).

And as far as the policy being "…not dated…[,]" that too is misleading because the Plaintiffs requested the selection policy "…in effect from 2020 to the present." (ECF No. 96-1, PageID #: 2160). Thus, one can plainly see that the undated policy is not so undated after all because according to the Defendants themselves, it is the policy that has been in effect since 2020, which is a year that long antedates this litigation. (ECF No. 96-1, PageID #: 2160, 2163).

The false assertion is that the "…American Library Association's Library Bill of Rights and Freedom to Read Statements (sic) are from 2023…" The Library Bill of Rights, which the Defendants *admitted in discovery* is a part of their materials selection policy, but *denied this identical fact* in their response to the Plaintiffs' Statement of Facts, has no 2023 version. The "2023" Library Bill of Rights is the identical Library Bill of Rights from January 29, 2019. (ECF No. 96-1, PageID #: 2160, 2164). The Freedom to Read Statement, which the Defendants *admitted in discovery* is a part of their materials selection policy, but *denied this identical fact* in their response to the Plaintiffs' Statement of Facts, has no 2023 version. The

3

"2023" Freedom to Read Statement is the identical Freedom to Read Statement from June 30, 2004. (ECF No. 96-1, PageID #: 2160, 2165, 2167).

The Defendants conclude their ill-conceived gambit by denying, again falsely, that they adopted the Materials Selection Policy that they provided to the Plaintiffs when the "…2023 versions of the Library Bill of Rights and Freedom to Read Statements (sic) were published." (ECF No. 97, PageID #: 2172). The unvarnished truth is the Defendants responded to a request to produce "…all library policies regarding library material selection in effect from 2020 to the present…" by providing (1) a Materials Selection policy; (2) the American Library Association Library Bill of Rights; and (3) the American Library Association Freedom to Read Statement. (ECF No. 96-1, PageID #: 2160, 2163, 2164, 2165-2168). Now, they have disavowed – or have attempted to disavow – that very production. Do not be misled.

The Library Bill of Rights and The Freedom to Read Statement that the Defendants admit is part of their selection policy in effect since 2020 both predate 2020, which means, the Materials Selection Policy *was* "…written and adopted…" when both were published, which means the Defendants' denial of this undisputed material fact is a blatantly false denial.

The Defendants brazenly accuse the Plaintiffs' attorneys of acting recklessly and vexatiously multiplying these proceedings. This is a classic case of projection. Had the Defendants not falsely responded to what was and is a simple and documented material fact, i.e., that the Library Bill of Rights and The Freedom to

4

Read Statement has been a part of their material selection policy since at least 2020, the Plaintiffs would not have filed the motion to supplement they filed on April 1, 2024. The Defendants owe this Court a duty of candor, they misled this Court, and the Plaintiffs called them on it. No reasonable person can or would describe the Plaintiffs calling the Defendants on their falsehoods as reckless or vexatious, consequently, this Court should deny their ill-considered and intemperate request to sanction the Plaintiffs' attorneys.

    Respectfully submitted,

    Terrence Cain
    Bar Number 99128
    Attorney for the Plaintiffs
    Attorney at Law
    208 Brown Street
    Little Rock, Arkansas 72205-5841
    Telephone: (501) 664-7512
    E-mail: terrencecain@windstream.net

    Brian Meadors
    Bar Number 2001186
    Attorney for the Plaintiffs
    1930 West Oak Shadows Circle
    Memphis, Tennessee 38119-5407
    Telephone: (980) 867-1371
    E-mail: brianmeadors@gmail.com