# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

**REBECKA VIRDEN, et al,**　　　　　　　　　　　　　**PLAINTIFFS**

**v.**　　**CASE NO. 2:23-CV-02071-PKH**

**CRAWFORD COUNTY, ARKANSAS, et al,**　　　　**DEFENDANTS**

## PLAINTIFFS' MOTION TO AMEND THE JUDGMENT

**Summary**: Plaintiffs ask this Court to make clear that the Defendants are enjoined from following through with their threats to defund the library.

1. In November 2022, an anti-LGBTQ activist asked the Crawford County Library Board to remove *Uncle Bobby's Wedding*. The Library Board refused to do so.[1]

2. Subsequently, the Hambys insisted that the Quorum Court address "progressive woke ideology" in the library,[2] and so, at "a December 2022 Quorum Court meeting shortly before the creation of the social section, at least one member of the Quorum Court threatened to withhold appropriations from the Library; and a member of the Quorum Court testified during his

---

[1] Doc. 58-26 (Virden depo.) at internal numbering 69:17-71:20; *see also* Doc. 58-24 at 7-8 (Library Board minutes from Nov 2022).

[2] Doc. 105 (Court's Opinion) at 6.

deposition that he and 'probably all of' the Quorum Court's members wanted to defund the Library if its director did not find a way to satisfy constituents' concerns about books that were subsequently moved to the social section."[3]

3. In other words, when the Library Board of November 2022 refused to ban a book, the Quorum Court then coerced the creation of the social section.

4. At the beginning of this case in mid-2023, and throughout the litigation, the legal fees for the defense came from general County funds, not the library. Further, the County said, on multiple occasions, that the County would be paying the fees, not the library.[4] And that makes sense. After all, as held by the Court, a reasonable factfinder could infer that "the social section was created in response to coercion from the Quorum Court."[5]

5. However, after this Court entered judgment against the Defendants, several Defendants began planning to pay the Plaintiffs' attorney's fees out the library funds rather than the County's fund.

6. Setting aside the fact that this would violate Arkansas law as it's not an allowed library expense, defunding the library effectively mocks the Court's

---

[3] Doc. 105 (Court's Opinion) at 3.

[4] *See* the accompanying Affidavit of Samantha Rowlett. Ms. Rowlett's final paragraph recounts the fact that the former Library Director Grzymala's settlement came from the library fund by order of the Quorum Court. Also, County Judge Keith admitted in his deposition (Doc. 63-10 at 18:2-19:19) that the Quorum Court took the Grzymala settlement money from the library fund. That action violated Ark. Code. Ann. § 13-2-404(c)(1) because it bypassed the Library Board. The misappropriation of the Grzymala settlement money is further evidence that the Quorum Court not only is willing to wrongfully take library money, it has done so before. Plaintiffs are further concerned that a vote by the Library Board to divert library money to attorney's fees would not be truly voluntary, as it would likely be coerced by the Quorum Court. *See* Rowlett's accompanying affidavit at ¶ 8.

[5] Doc. 105 at 3-4.

order. E.g., if the County's scheme succeeds, the effect would be that if counties coerce libraries via funding threats, and the county responsible for the funding then loses in court, then that county can follow through on its threats and punish the library for operating consistently with the First Amendment. Such a result is both illegal and immoral.

7. Finally, it is important to note that the situation that the Defendants find themselves in is almost entirely caused by the hubris of the County Judge and the Quorum Court.

7.1. After creation of the social section, Plaintiffs repeatedly implored the County Judge and the Quorum Court to end the social section. The Quorum Court refused to do so, and the County Judge fobbed Plaintiffs off on the already-coerced Library Board.[6]

7.2. Prior to suit, undersigned counsel sent a demand letter to the County Judge and the Quorum Court asking them to rescind the social section.[7] Had they done so, this suit would never have happened.

7.3. And throughout the suit, the County Judge and Quorum Court never wavered, apparently believing that sequestering books about other religions, disabled children, and nontraditional, loving relationships was worth hundreds and hundreds of thousands of dollars in their own attorney's fees, not to mention the exposure of paying Plaintiffs' fees as well.

---

[6] Rowlett depo (Doc 58-15) at 26:18-28:2; *see also* Rowlett depo. at 69:15-70:4, 100:24-101:5 and Keith depo. (Doc. 58-8) at 23:13-24:4.

[7] Keith Depo (58-8) at 30:8-23.

7.4. Thus, if the County Judge and Quorum Court want to find the party accountable for the cash-strapped situation the County finds itself in, that party is themselves—not the library, not its staff, and not the children, mothers, and families who love and use the library.

8. The affidavit of Samantha Rowlett and supporting brief are incorporated herein.

WHEREFORE, Plaintiffs pray that this Court add the following sentence (or words to its effect) to Doc. 106: "Defendants are further ORDERED that none of the monies for the fees, expenses, or other costs of this lawsuit (or any subsequent proceedings) come, directly or indirectly, from Crawford County Library System funds or the System's anticipated, normal income."

Respectfully submitted,

REBECKA VIRDEN, et al, PLAINTIFFS

| /s/ Terrence Cain | /s/ Brian Meadors |
| Terrence Cain, Ark. Bar # 99128 | Brian Meadors, Ark. Bar # 2001186 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 208 Brown Street | 1930 W. Oak Shadows Cir |
| Little Rock, AR 72205-5841 | Memphis, TN 38119 |
| 501-952-8421 | 980-867-1371 |
| terrencecain@windstream.net | brianmeadors@gmail.com |