IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECKA VIRDEN, on their own behalf
and on behalf of their minor children;
SAMANTHA ROWLETT, on their own
behalf and on behalf of their minor children;
NINA PRATER, on their own behalf and on
Behalf of their minor children                                                            PLAINTIFFS

vs.                                        No. 2:23-CV-2071-PKH

CRAWFORD COUNTY, ARKANSAS, *et al*,                                  DEFENDANTS

**SEPARATE DEFENDANT'S BRIEF SUPPORTING
MOTION TO DISGORGE PPGMR'S FEES AND FOR PPGMR TO
INDENIFY THE CRAWFORD COUNTY LIBRARY SYSTEM**

COMES NOW Separate Defendant, Library Director Charlene McDonnough, in her official capacity, by and through her undersigned counsel, and for Separate Defendant's Brief Supporting Motion to Disgorge PPGMR'S Fees and for PPGMR to Indemnify the Crawford County Library System, stating as follows:

1. Separate Defendant Library Director Charlene McDonnough ("McDonnough") is the Director of the Crawford County Library System ("CCLS"). In this official role, McDonnough is charged with the operation and maintenance of the library system, including its budget under Ark. Code Ann. § 13-2-402 and § 13-2-404.

2. In the beginning of this case, the County assured the general public, the Library Board, and the Library Director that the County would pay for the lawyers. The County told Defendants like the Library Board and the Director that they could hire their own lawyers, but the County would be hiring and paying lawyers to represent them all (See Affidavit of Charlene McDonnough at Doc. 128-1, Affidavit of Eva White at Doc. 128-2, and Affidavit of Rebecka Virden at Doc 119-2). But for these promises, the Library Director (and likely the Library Board)

*Virden v. Crawford County*, Brief Supporting Motion to Disgorge PPGMR Fees, pg. 1 of 4

would have gotten their own attorney(s) to defend them in this litigation or, at a minimum, to entertain settlement options and/or confess judgment so as to minimize attorney's fees and comply with the First Amendment to the U.S. Constitution and their stated affirmative duties regarding the Freedom to Read.

3.  We now learn that all along, some of the Defendants always reserved the right to use the Library's money to cover the expenses arising from the instant case (See Response filed by the PPGMR firm and the affidavits of County Judge Keith and Library Board Member Tammi Hamby at Docs. 118, 118-1, 118-2).

4.  The PPGMR firm apparently knew that the County always reserved the right to take library money, otherwise it could not have filed Docs 118, 118-1, and 118-2. Under Ark. R. Prof. Conduct 3.3, "a lawyer may not knowingly make a false statement to the Court." Here, by filing Docs 118, 118-1, and 118-2, the PPGMR firm either: 1) believed it to be true [i.e., PPGMR knew all along that the County was reserving the right to go after the library] or 2) violated Ark. R. Prof. Conduct 3.3 (e.g. candor to the Court).

5.  Regardless of whether the PPGMR firm violated Ark. R. Prof. Conduct 3.3 in filing Docs 118, 118-1, and 118-2, the PPGMR firm has an irreconcilable, unwaivable conflict. With respect to the Library Director, the PPGMR firm finds itself in the position of advocating for taking money away from the library budget, which has been vehemently opposed by both the former Library Director and the present one, yet at the same time had a duty to advocate on the Library Director's behalf.

6.  The issue is more concerning when Doc. 112, specifically Paragraph 5, (authored by the PPGMR law firm), is considered. That paragraph discusses the large number of Defendants who must be consulted as part of settlement negotiations. Despite this, the PPGMR

firm never consulted the Library Director prior filing documents urging the Court to allow the County to take the CCLS' money to pay for the County's poor judgment and constitutional violations, especially when the CCLS was initially inclined to seek settlement as opposed to prolonged litigation that was against their stated mission objectives (See Affidavit of Charlene McDonnough at Doc. 128-1 and Affidavit of Eva White at Doc 128-2).

7.  Lawyers who represent conflicting interests must disgorge their fees.  **"[A]n attorney must not represent opposed interests**; and the usual consequence has been that he is debarred from receiving any fee from either, no matter how successful his labors.  Nor will the court hear him urge, or let him prove, that in fact the conflict of his loyalties has had no influence upon his conduct; **the prohibition is absolute and the consequence is a forfeiture of all pay**." *Crawford & Lewis v. Boatmen's Trust Co.*, 1 S.W.3d 417, 421-22, 338 Ark. 679, 686 (Ark. 1999) (emphasis added, citations omitted).

8.  McDonnough prays that this Court protect the CCLS from the reckless and irresponsible actions by the County Judge and Quorum Court in their insistence on promoting and, ultimately, prolonging the indefensible and blatantly constitutional violation in this case, whether that be for the County to pay all expenses, including those owed under 42 USC § 1988, and/or to order the PPGMR's firm to disgorge its fees and use those disgorged fees to indemnify the CCLS from any monies it may have to pay as a result of the instant case, including undersigned counsel's fees.

    Respectfully submitted,
    SEPARATE DEFENDANT LIBRARY DIRECTOR
    CHARLENE MCDONNOUGH, IN HER OFFICIAL CAPACITY

    /s/ Joshua W. Bugeja, Esq.
    Joshua W. Bugeja, AR Bar #2010211
    Bugeja Law Firm
    1615 N. A St.

Fort Smith, AR 72901
Phone: (479) 459-1173
Fax: (479) 668-2888
joshbugeja@gmail.com